IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN PATRICK STREET,
    Plaintiff,

vs.                                               Case No.: 5:09cv406/RS/MD

STEVEN KOROSECZ, et al.,
    Defendants.
_____

ORDER and
REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a federal inmate currently confined at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna"). His complaint names six defendants, all employees of the Federal Bureau of Prisons ("BOP"). Plaintiff states that upon his arrival at FCI-Marianna on August 6, 2008, he met with "S.I.S." investigators concerning a sexual assault that occurred at FCI-Englewood,[1] as well as harassment by an officer who worked there. Plaintiff complains that within days of that meeting, he was informed by his unit counselor, defendant Korosecz, that his daughter and granddaughter had been removed from his visiting list due to security concerns.[2] Believing that this action was a "a prejudicial retaliatory violation of [his] Eighth Amendment rights," plaintiff seeks $1 million per month since August of 2008 for the "unjust stress" and "pain and suffering" he has suffered. (Doc. 1).

Although plaintiff filed his complaint on the form for use in actions arising under 42 U.S.C. § 1983 which pertains to conduct committed by a person acting under color of <u>state</u> law, plaintiff neither claims nor alleges facts to suggest that defendants were acting under color of state law. Rather, plaintiff alleges the defendants were acting under color of <u>federal</u> authority. The cause of action

---

[1] FCI-Englewood is a federal correctional facility in Littleton, Colorado.

[2] Plaintiff asserts that his daughter and granddaughter had been approved for visitation by a different BOP institution (FCI-Three Rivers in Three Rivers, Texas) approximately six months earlier.

available to a prisoner claiming a violation of his civil rights by a <u>federal</u> official is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Thus, plaintiff's complaint is construed as arising under *Bivens*.

Upon review, the undersigned finds that plaintiff's complaint is barred by 42 U.S.C. § 1997e(e) because it fails to sufficiently allege that the plaintiff suffered any physical injury as a result of the alleged constitutional violation.  The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  As the Eleventh Circuit has explained:  "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  The Eleventh Circuit has decided that "the phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier*, 314 F.3d at 532.  This *Bivens* action brought by plaintiff is a "Federal civil action" under this definition.  Further, it is undisputed that plaintiff filed his complaint while imprisoned.  Plaintiff's complaint alleges only "unjust stress" and "pain and suffering," *i.e.*, mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e).  Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, plaintiff is prohibited under the PLRA from bringing his damages claims while imprisoned unless he alleges physical injury.[3]  Further,

---

[3]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here.  *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages).  Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory damages.  *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

*Case No: 5:09cv406/RS/MD*

he must allege more than a *de minimis* physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that under the law of this Circuit, § 1997e(e) precludes an inmate's claims for compensatory and punitive damages without a showing of more than a *de minimis* physical injury).

The plaintiff here has failed to allege that he suffered any physical injury, much less one that was more than *de minimis*. As plaintiff is presently prohibited by § 1997e(e) from bringing his damages claims, this suit should be dismissed without prejudice.[4] *See Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

---

[4]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 6th day of January, 2010.

/s/ *Miles Davis*
   **MILES DAVIS**
   **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**